UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA MOE,<br><br>      Plaintiff,<br><br>v.<br><br><br>DONALD TRUMP, in his official capacity as President of the United States; JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons,<br><br>      Defendants. | Civil Action No. 1:25-cv-10195<br><br><br>**DECLARATION OF JENNIFER L. LEVI IN SUPPORT OF PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION AND TO PROCEED UNDER PSEUDONYM, PARTIALLY SEAL THE RECORD, AND FOR A PROTECTIVE ORDER** |

I, Jennifer L. Levi, Esq., of full age, do hereby declare as follows:

    1.    I am an attorney in good standing with the Massachusetts Bar and licensed to practice law in the District of Massachusetts.

    2.    I make the following declaration based on personal knowledge and pursuant to Fed. R. Civ. P. 65(b).

    3.    Ms. Moe, a transgender woman who has been housed in women's prisons for several years, faces imminent transfer to a men's prison and cessation of medically necessary treatment for gender dysphoria.

    4.    As of Thursday, January 23, 2025, the Federal Bureau of Prisons website listed Ms. Moe as female. By Saturday, January 25, 2025, the website had changed her sex to male, as directed by Executive Order 14166, Sections 2 and 3(b).

5. Plaintiff is filing this Emergency Motion for a Temporary Restraining Order, which seeks to preserve the *status quo* prior to January 20, 2025, when the Executive Order was issued, while the parties litigate the constitutionality and lawfulness of certain provisions of the Executive Order. Because of the serious risk of irreparable harm, the imminence of the transfer, and the time sensitivity involved in getting immediate relief from this Court, Plaintiff's counsel filed the Emergency Motion *ex parte* and without notice to Defendants.

6. In conjunction with the Complaint and Emergency Motion, Plaintiff's counsel also filed a Motion To Proceed Under a Pseudonym, To Partially Seal Documents, and for a Protective Order. This motion is based on the specific potential harms that would follow from revealing Ms. Moe's identity, including the potential risk to her of violence in the corrections system and the violation of her interest in maintaining privacy of her medical status, history and records.

7. All redactions proposed for the partially sealed documents stem from the necessity to protect her identity, as set forth below.

8. The locations of Ms. Moe's current and former correctional facilities are redacted because of the limited number of incarcerated transgender women at those facilities. If the facilities are identified, Ms. Moe's identity could be easily surmised from among a small number of transgender women at those facilities.

9. Similarly, Ms. Moe's age, place of residence, and details of her school experiences are redacted because Ms. Moe is likely one of a very few transgender women from her hometown and of her age who are incarcerated at a federal correctional facility. If her age, place of residence, or school activities are identified, it would likely lead to her being publicly identified.

10. Specific biographical details concerning Ms. Moe are redacted, including her current and former names, date of birth, and the identity of her parent. Any one of these details would also provide an easy means of identification with minimal internet or public records research.

11. Details of Ms. Moe's medical records, medical treatment, and mental health issues outside of her gender dysphoria treatment are redacted because the confluence of these records could easily identify her to those that are aware of her other medical diagnosis/diagnoses.

12. Certain details from Ms. Moe's sentencing, such as quotes from the sentencing judge, are redacted because they can be directly tied to Ms. Moe's criminal case via public records. Performing a search for these details would easily yield results from her case and thus reveal her identity.

13. Certain details about Ms. Moe's time in federal correctional facilities are redacted, including the period of her incarceration and any disciplinary record, rehabilitation activities, and medical care she has received. Individuals within the correctional facility or those with whom they might communicate are likely aware of these details of Ms. Moe's time in federal custody and would be able to guess her identity if they were left unredacted.

14. Information about Ms. Moe's relationship and information related to her lawyer's representation of her are also confidential and entitled to privacy protections.

Pursuant to 28 U.S.C. § 1746, I affirm under penalty of perjury that the above statements are true and correct.

Dated: January 26, 2025                            Respectfully submitted,

/s/ Jennifer Levi

Jennifer L. Levi (Bar No. 562298)
**GLBTQ Legal Advocates & Defenders**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org